<p style="text-align:center">𝕴𝖓 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝕱𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘<br/>𝕱𝖔𝖗 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕾𝖔𝖚𝖙𝖍 𝕮𝖆𝖗𝖔𝖑𝖎𝖓𝖆</p>

<p style="text-align:center">BEAUFORT DIVISION</p>

| | | |
|---|---|---|
| James O. York, Jr., #256973, | ) | |
| | ) | Civil Action No. 9:05-0883-TLW-GCK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina and | ) | **OF THE MAGISTRATE JUDGE** |
| Henry McMaster, Attorney | ) | |
| General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## I.  INTRODUCTION

The Petitioner, James O. York ("Petitioner" or "York"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II.  *PRO SE* PETITION



York is presently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections. York filed this Petition for a writ of habeas corpus (the "Petition") on March 9, 2005 against State of South Carolina and Henry McMaster, the Attorney General of the State of South Carolina.[1] [1-1]. York is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th

---

[1]    York has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of March 9, 2005.

Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Publ L. No. 104-132, 110 Stat. 1214. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied,* 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied,* 475 U.S. 1088 (1986).

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

During the November, 1998 term of the Court of General Sessions for Pickens County, the grand jury returned an indictment against York for murder (98-GS-39-2019). During the January 1999 term of Court, the grand jury returned an indictment against York for the possession of a firearm or knife during commission of or attempt to commit violent crime (99-GS-39-56) and attempted murder (count one) and assault and battery with intent to kill (count two) (99-GS-39-57).[2] The murder victim was York's stepson.

---

[2]        App. at 856-857.

York was represented by Chad A. McGowan, Esquire. On March 15, 1999, after a four-day jury trial before the Honorable H. Dean Hall, the Petitioner was found guilty of all charges. He was sentenced to two (2) life sentences (for murder and attempted murder) and to five years for possession of a firearm or knife during commission of or attempt to commit a violent crime.[3] York did not recieve a sentence for the guilty verdict on the charge of assault with intent to kill ("AWIK").[4]

### B. York's Direct Appeal

The Petitioner timely filed a Notice of Appeal and an appeal was perfected. On November 12, 1999, Joseph L. Savitz, Deputy Chief Attorney of the South Carolina Office of Appellate Defense, filed an <u>Anders</u> Brief of Appellant on behalf of York.[5] The <u>Anders</u> Brief asserted one arguable ground for relief: "The judge erred by omitting from his instructions on self-defense the principle that 'when a person is justified in firing the first shot, he is justified in continuing to shoot until it is apparent that the danger to his life and body has ceased.'"[6] The Petitioner, *pro se*, filed an Amended Brief of Appellant asserting six claims.[7]

The South Carolina Supreme Court affirmed York's conviction and sentence on the charge of murder, but vacated the five year sentence for possession of a weapon during commission of a violent crime pursuant to S.C. Code Ann. § 16-23-490(A) (Supp. 2000). Likewsie, the state Supreme Court vacated the conviction for attempted murder in light of <u>State v. Sutton</u>, 340 S.C. 383, 532 S.E.2d 283 (2000) and remanded the matter for re-sentencing on the conviction for assault with intent to kill, for which York had not been sentenced by Judge Hall. The Court also denied York's motions to appoint alternative counsel, to remand for a new trial on the grounds of after-discovered evidence, and to produce evidence. The Court denied as moot



---

[3]    App. at 810.

[4]    App. at 855.

[5]    App. at 731-741.

[6]    App. at 734.

[7]    App. at 742-782.

York's motions for a stay of appellate review and a motion for bail pending appellate review. The order was initially entered on August 18, 2001. A writ of *corum nobis pro se* was made, which was construed by the Court as a petition for rehearing. On February 12, 2001, the Court denied the petition for rehearing and entered a substituted opinion. State v. York, Op. No. 2000-MO-105 (S.C. Sup. Ct. Filed February 12, 2001).[8] The remittitur was entered on February 28, 2001.

### C. York's Application for Post-Conviction Relief

The Petitioner filed an application for post-conviction relief ("PCR") on December 31, 2001.[9] He raised the following grounds for relief in the Application:

A.    Ineffective Assistance of Counsel

    a.    Trial Counsel was specifically and collectively ineffective.

B.    Ineffective appeal [sic] counsel.

    a.    Appeal counsel failed to raise issues on appeal.

C.    Denial of due process by State.

    a.    Trial judge was improperly influenced by case, and his personal matters - prosecutorial misconduct, sentence under constitutional laws and appeal process unfair.

The State made its Return on October 18, 2002.[10]



An evidentiary hearing on the matter was held on June 16, 2003, in Pickens County before the Honorable Edward N. Miller.[11] The Petitioner was present at the hearing and was represented by Richard Warder, Esquire. The State was represented by Assistant Attorney General Christopher L. Newton. York testified on his behalf and the State presented the testimony of Chad A. McGowan, Esquire, York's trial attorney. The PCR Court also had before it a copy of the transcript of the proceedings against York, the records of the Pickens County

---

8    App. at 803-804.

9    App. at 805-809.

10    App. at 810-814.

11    App. at 816-844.

Clerk of Court and the Applicant's records form the South Carolina Department of Corrections. As Judge Miller noted, the only charge that remained against York was the charge for murder.[12] York testified that upon advice of counsel, there was no request for the lesser included charge of manslaughter.[13] Furthermore, York testified that he never should have been charged with attempted murder.[14] York's attorney, McGowan, testified that York chose to pursue either a guilty verdict or an acquittal on the murder charge.[15] At the close of the hearing, the Court orally denied relief, finding that York failed to carry his burden by showing by a preponderance of the evidence that trial counsel fell below an objective standard of reasonableness which prejudiced him to the point where the outcome might have been different.[16] On July 9, 2003, a written order denying relief and dismissing the case was entered.[17]

### D. York's PCR Appeal to South Carolina Supreme Court

Assistant Appellate Defender Tara Taggart represented York during his PCR appeal and on May 11, 2004, timely filed a <u>Johnson</u> Petition[18] for a writ of certiorari in which she raised the following issue on behalf of Petitioner:

> 1.    **Whether Petitioner received effective assistance of counsel where his attorney failed to call an essential eyewitness (Betty Chappell).**

On February 17, 2005, the South Carolina Supreme Court denied the Petition for Writ of Certiorari and granted counsel's request to withdraw.[19]  The Remittitur was sent down on March 7, 2005.

---

[12]    App. at 821-822.

[13]    App. at 827.

[14]    App. at 834.

[15]    App. at 839.

[16]    App. at 845-846.

[17]    App. at 848-852.

[18]    In <u>Johnson v. State</u>, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988), the Supreme Court of South Carolina approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in <u>Anders v. California</u>, 386 U.S. 738 (1967) were followed.

[19]    App. at Volume I, Attachment 4.

## IV. FEDERAL COURT HISTORY

### A. York's Petition for a Writ of Habeas Corpus

On March 9, 2005, York filed his Petition for a writ of habeas corpus. [1-1] The

Petition sets forth four (4) grounds for relief:

I.    **Whole trial was based upon a void indictment, 99-GS-39-57 attempted murder or A.W.I.K. Due process of law.**

    (A.)    The whole trial was to prove the illegal indictment above. This charge is not even an offense in South Carolina. As this indictment was void as a matter of law, the whole proceeding was void as well. See Trial Transcript p. 67, lines 4-8. The state lacked subject matter jurisdiction as to the whole proceeding.

        (a)    In his pleading, he asserts that the entire trial was based upon this indictment for attempted murder and thereby claims the entire proceeding was void. He asserts that the Supreme Court after affirming the other charges remanded the defendant back for re-sentencing in Nov. 2001 when new counsel as appointed by Judge Floyd, but he was not re-sentenced. He claims that once he was sentenced on attempted murder that the assault with intent to kill charge no longer existed.

        (b)    He now claims that the South Carolina Supreme Court lacked jurisdiction to remand the matter back on the AWIK charge since it was based upon the indictment for attempted murder. He contends that this attempted murder indictment was prejudicial to him. He claims that without the attempted murder charge, he would have proven self-defense. He claims that this is a fundamental miscarriage of justice and that he has proven both prongs of Strickland.

           (i)    He requests the court to vacate the charge of AWIK and murder with prejudice. He asserts that the Supreme Court should have vacated all charges.



II.    **Ineffective Assistance of trial counsel.**

    (A)    By even letting this case proceed to trial on these indictments clearly showed counsel was ineffective.

        (1)    Counsel should have looked at the indictments.

        (2)    Counsel had charged the family $35,000 and contended that he was experienced in murder cases.

        (3)    However, he gave erroneous advise about not presenting lesser included offenses when he advised them that if they asked for lesser included offenses the jury would tend to find him guilty on the lesser included offenses rather than find him not guilty. He asserts that the defendant was entitled to the less included offense because evidence supported them. Defendant was unschooled in the law and did was his attorney asked. At the end of the trial counsel asked for a directed verdict on attempted murder, but did not proffer any reason why. If he had the judge would have been wrong to deny it.

He was prejudiced greatly by the whole trial because trial counsel failed to do his job.

III.    **Ineffective assistance of Appeal Counsel by raising Anders (direct appeal) and Johnson (PCR Appeal) petition, refusing to address issues.**

A.    When defendant filed his direct appeal, all he got from Joseph Savitz III was an Anders Brief stating he had no merit in the case. After he said this defendant filed pro se and the Supreme Court vacated the attempted murder charge and the five year weapons charge. The Supreme Court refused to let Mr. Savitz withdraw from the case. They told him to brief any issues and put them back before the court. Even after this order, he still failed to advance any issues.

B.    On PCR writ of certiorari, Ms. Taggart filed a Johnson Petition and again I could not get any issues addressed. I filed an Amended Response pro se to the Supreme Court contesting the Johnson petition. I raised the issue about the illegal indictment plus 9 other issues that all had merit. He asserts that he had no representation since the incident. He claims he has exhausted all state remedies.

IV.    **Denied right to a fair trial that guaranteed by the Constitution. Lacked subject matter jurisdiction.**

On April 1, 2005, the undersigned issued an Order which authorized service on the State of South Carolina and Henry McMaster (collectively, the "Respondents"), and notified York of the change of address rule. [3-1] On May 25, 2005, the Respondents filed a Motion for an extension of time in which to make a return or otherwise plead, and the Motion was granted on June 1, 2005. [9-1] In response to York's Petition for habeas corpus relief, the Respondents timely filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Motion for Summary Judgment") on May 31, 2005. [7-1; 8-1]

The undersigned issued an Order filed on June 1, 2005, under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying York of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Motion for Summary Judgment.[20] [8-1] On June 21, 2005, York filed a Response to the Motion for Summary Judgment. [11-1]

---

[20]    The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

### B.  Standard for Determining a Motion for Summary Judgment

The determination of a motion for summary judgment is governed by the holding in

Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient

to defeat a summary judgment motion.  Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir.

1987).  Similarly, genuine disputes of material facts are not demonstrated by the bald statements

of a non-moving party in affidavits or depositions.  Stone v. University of Md. Medical Sys.

Corp., 855 F.2d 167 (4th Cir. 1988).

### C.  Habeas Corpus Review

### 1.  The Antiterrorism and Effective Death Penalty Act

### a.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year

period of limitation shall apply to an application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The one year period

begins to run at the "conclusion of direct review or the expiration of the time for seeking such

review."  28 U.S.C. § 2244(d)(1)(A).  A "properly filed application for State post-conviction

relief" tolls the time for filing.  28 U.S.C. § 2244(d)(2).[21]



---

[21]  The full text of Section 2244(d) is as follows:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

The present habeas corpus petition was filed on March 9, 2005. Accordingly, the provisions of the AEDPA apply to this case. Lindh v. Murphy, 521 U.S. 320, 327 (1997).

### b. Exhaustion of State Court Remedies

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375 (1998), citing Wainwright v. Sykes, 433 U.S. 72 (1977); see also 28 U.S.C. § 2254(b). The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994). This Court's exhaustion requirements under Section 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] [22]

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160 (the "Act"). The applicant may allege constitutional violations in a PCR proceeding, but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998), citing S.C. Code Ann. §§ 17-27-20(a)(1), (b).



---

retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[22]    Matthews v. Evatt, 105 F.3d at 910-11 (citations omitted).


*quoting* Coleman v. Thompson, 501 U.S. at 750 (emphasis supplied by the undersigned). Unless a petitioner can demonstrate both "cause" and "prejudice", this Court will be procedurally barred from considering those claims that are procedurally defaulted. Daniels v. Lee, 316 F.3d 477, 486 (4th Cir. 2003).

Nevertheless, the exhaustion requirement is technically met for claims "not fairly presented to the state's highest court" either when the exhaustion requirement is unconditionally waived by the state, or when a state procedural bar would bar consideration of the claim if it were later presented to the state court. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### c. Scope of Review

This Court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the AEDPA, which amended Section 2254.[25] Under the AEDPA, a federal court may only grant habeas corpus relief under Section 2254(d) with respect to a claim adjudicated on its merits in a state court proceeding if that state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See Daniels v. Lee, 316 F.3d 477, 485 (4th Cir. 2003), *quoting* 28 U.S.C. §§ 2254(d)(1) & (2); see also Byram v. Ozmint, 339 F.3d 203 (4th Cir. 2003).

With respect to the first prong of the analysis, the United States Supreme Court has explained that a state court adjudication is "contrary to" clearly established Federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). An

---

[25]    York's Petition has a filing date of March 23, 2005. Accordingly, the provisions of the AEDPA are applicable to this case. Lindh v. Murphy, 521 U.S. 320 (1997).

"unreasonable application" of Federal law will be found "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-413. An "unreasonable application" likewise will be found if the state court "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled. Ramdass v. Angelone, 530 U.S. 156, 166 (2000) (opinion of Kennedy, J.). Yet as Williams teaches, a state court's "unreasonable application" of the law informs the federal court to the extent that the latter "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Bates v. Lee, 308 F.3d 411, 417 (4th Cir. 2002), cert. denied, 2003 WL 1790856 (May 27, 2003) (No. 02-9727), quoting Williams, 529 U.S. at 411. The Fourth Circuit has held that this application of federal law must be "objectively unreasonable." Oken v. Corcoran, 220 F.3d 259, 264 (4th Cir. 2000) (noting that the Supreme Court in Williams "adopted" the holding in Green v. French, 143 F.3d 865, 870 (4th Cir. 1998), cert. denied, 525 U.S. 1090 (1999) that the "unreasonable application" inquiry is an objective inquiry.).

Turning to Section 2254(d)(2), the proper analysis for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness" and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." See 28 U.S.C. § 2254(e)(1).

## V.   ANALYSIS OF YORK'S HABEAS ALLEGATIONS

### A. Ground One

1.    **Whole trial was based upon a void indictment, 99-GS-39-57 attempted murder or A.W.I.K. Due process of law.**

(A.)   The whole trial was to prove the illegal indictment above. This charge is not even an offense in South Carolina. As this indictment was void as a matter of law, the whole proceeding was void as well. See Trial Transcript p. 67, 11. 4-8. The state laced subject matter jurisdiction as to the whole proceeding.

(a)    In his pleading, he asserts that the entire trial was based upon this indictment for attempted murder and thereby claims the entire proceeding was void. He asserts that the Supreme Court after affirming the other charges remanded the defendant back for re-sentencing in Nov. 2001 when new counsel as appointed by Judge Floyd, but he was not re-sentenced. He claims that once he was sentenced on attempted murder that the assault with intent to kill charge no longer existed.

(b)    He now claims that the South Carolina Supreme Court lacked jurisdiction to remand the matter back on the AWIK charge since it was based upon the indictment for attempted murder. He contends that this attempted murder indictment was prejudicial to him. He claims that without the attempted murder charge, he would have proven self-defense. He claims that this is a fundamental miscarriage of justice and that he has proven both prongs of <u>Strickland</u>.

(i)    He requests the court to vacate the charge of AWIK and murder with prejudice. He asserts that the Supreme Court should have vacated all charges.

## 1. Whether York has exhausted his State remedies

In his Petition, York contends that his trial was based upon an illegal indictment (99-GS-39-57) for "attempted murder" and thus the trial violated due process. He further contends that his convictions for murder and AWIK should be vacated.

As discussed above, it is well-settled that in the interests of comity, a Section 2254 petitioner is required to exhaust all state court remedies before a federal court can consider his claims. <u>Mallory v. Smith</u>, 27 F.3d at 994; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911-912; <u>see also</u> 28 U.S.C. §§ 2254(b) & (c). Concomitant with this principle of exhaustion is the rule that a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. <u>Picard v. Connor</u>, 404 U.S. 270, 275-278 (1971); <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995), *cert. denied*, 516 U.S. 1100 (1996). Judge Wilkinson, in <u>Mallory</u>, stated: "The First Circuit has explained that the exhaustion requirement demands that the petitioner 'do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'" <u>Mallory</u>, 27 F.3d at 994-995, *quoting* <u>Martens v. Shannon</u>, 836 F.2d 715, 717 (1st Cir. 1988), cert denied, 513 U.S. 1047 (1994). Thus, "vague whispers offered to a state court by a habeas petitioner" are insufficient to alert a state court to a federal constitutional question.



Mallory, 27 F.3d at 995-996. Indeed, the fair presentation of a "plainly defined" federal question contemplates that "both the operative facts and the 'controlling legal principles'" must be presented to the state courts. Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992), *quoting* Picard, 404 U.S. at 277. A claim is fairly presented when the petitioner presents to the state courts the "'substance' of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4,6 (1982) (*per curiam*), *quoting* Picard, 404 U.S. at 278.

First, a review of the PCR proceedings indicate that the issue of an illegal indictment was not "plainly defined" and presented to, or ruled upon by the state PCR judge.[26] York testified as follows at the PCR hearing:

> But what I'm saying is, on Indictment 99-GS-39-57 – attempted murder, count one, AWIK, count two – it's in clear violation of the double jeopardy doctrine because they are both the same charges against the same alleged victim.[27]

The PCR Judge asked York:

> And you are saying in that particular regard that the assault and battery with intent to kill and the attempted murder was really the same charge just two different counts that have that in it?[28]

York replied:

> That's correct. Exactly the same. . . .[My attorney] should have made them elect between the two charges or something, anything.[29]

York further claimed at the PCR hearing that he should not have been charged for attempted murder. As he explained to the PCR court:



> And that's the only reason I got convicted on the murder to begin with is by that illegal attempted murder charge. That's where the Prosecutor got his malice aforethought, and it was vacated, so therefore taking malice aforethought away from the murder conviction.[30]

---

[26] App. at 848-852.

[27] App. at 822.

[28] App. at 823.

[29] App. at 823.

[30] App. at 834. There were no special interrogatories given to the jury at the time it was asked to decide a verdict. Id.

Page 14 of 24

Petitioner asserts that he presented this "same claim" to the South Carolina Supreme Court[31] and he, of course, bears the burden of proving that this claim has been exhausted. See Mallory, 27 F.3d at 995. However, a review of the records of the state trial, appeal, and PCR proceedings do not indicate that this "same claim" ever was presented to the South Carolina Supreme Court. In fact, the direct appeal documents show that different issues were presented in the *corum nobis* document in the direct appeal after the conviction for attempted murder was vacated, but it does not appear that Petitioner claimed, in state court, that the indictment was "illegal" or "void". Thus, it does not appear to the undersigned that Petitioner has satisfied the exhaustion requirement as to his First Ground for relief because he has failed to show that he "fairly presented" his claim of the "illegal indictment" to the South Carolina Supreme Court.[32]

With respect to this claim, however, at this time there are no state remedies available to Petitioner were he to seek to exhaust this claim. First, the one year state PCR statute of limitations has passed. S.C. Code § 17-27-45. Second, the successive application rule would preclude litigation of this claim, which could have been raised in the earlier proceeding, and thus this claim would be considered procedurally barred if Petitioner would attempt to raise it in a successive application for post-conviction relief. S.C. Code § 17-27-90 (1985); Aice v. State, 305 S.C. 448, 450, 409 S.E.2d 392, 393-94 (1991). Despite the fact that Petitioner has not properly exhausted this claim, it could be treated as exhausted, if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it now. George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).



## 2. The Merits of York's First Ground for Habeas Corpus Relief

Turning to the merits of Petitioner's Ground One, he contends that his entire trial was based upon a void indictment for "attempted murder" and contends that the entire proceeding on

---

[31]    See Petition [1-1] at Section 13.

[32]    Petitioner stated in a letter received by the South Carolina Supreme Court on May 26, 2004 that "my main issue all along has been, were my due process rights to a fair trial as well as due process of law violated by the illegal indictment." However, this *pro se* claim was not properly before the Supreme Court because it was neither raised to nor ruled upon by the PCR judge. See App. at 833-834 (PCR Judge asks Petitioner to list the things his lawyer did incorrectly; and App. at 848-852 (Order of Dismissal from PCR judge).

the remaining charges was void as a matter of law. As stated above, this claim is procedurally barred because it was never presented at trial and on direct appeal. See 28 U.S.C. § 2254(b). A federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts, absent cause and prejudice or a fundamental miscarriage of justice. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Mackall v. Angelone, 131 F.3d 442, 445 (4th Cir. 1997) (en banc). In the present case, Petitioner cannot show cause and prejudice, or a fundamental miscarriage of justice. First, the trial court had subject matter jurisdiction to hear all of the charges, including murder and AWIK. See State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005) ("We note that a presentment of an indictment or a waiver of presentment is not needed to confer subject matter jurisdiction on the circuit court. However, an indictment is needed to give notice to the defendant of the charge(s) against him. See S.C. Const. Art. I, § 11 ('No person may be held to answer for any crime the jurisdiction over which is not within the magistrate's court, unless on a presentment or indictment of a grand jury of the county where the crime has been committed[;]') (emphasis in original); S.C. Code Ann. § 17-19-10 (2003) ('No person shall be held to answer in any court for an alleged crime or offense, unless upon indictment by a grand jury[.]')." The fact that Petitioner's conviction for attempted murder was vacated does not mean that Petitioner's murder conviction also was vacated.[33]

Second, the indictments gave sufficient notice of the charges to the Petitioner. Next, the fact the attempted murder charge was litigated did not prejudice the Petitioner in any manner by the presentation of evidence concerning the assault upon his wife, Edna Joyce York. This evidence was admissible regardless of whether the charge was attempted murder or AWIK. The State gained nothing in evidentiary support by the presence of the attempted murder charge. Petitioner's conclusory allegations are simply inadequate to present a constitutional violation.[34]

---

[33]    See Petition [1-1] at un-numbered p. 8.

[34]    See Petition [1-1] at un-numbered pp. 8-10.

## B. Ground Two

II.    **Ineffective Assistance of trial counsel.**

(A)    By even letting this case proceed to trial on these indictments clearly showed counsel was ineffective.

    (1)    Counsel should have looked at the indictments.

    (2)    Counsel had charged the family $35,000 and contended that he was experienced in murder cases.

    (3)    However, he gave erroneous advise [sic] about not presenting lesser included offenses when he advised them that if they asked for lesser included offenses the "jury would tend to find him guilty on the lesser included offenses rather than find him not guilty. He asserts that the defendant was entitled to the less included offense because evidence supported them. Defendant was unschooled in the law and did was his attorney asked. At the end of the trial counsel asked for a directed verdict on attempted murder, but did not proffer any reason why. If he had the judge would have been wrong to deny it.

    He was prejudiced greatly by the whole trial because trial counsel failed to do his job.

In his second ground, he asserts that his counsel was ineffective by failing to assert the void indictment issue at trial, charging $35,000.00 for his services, and allegedly giving misadvice about the lesser offense.

### 1. Whether York has exhausted his State remedies

A review of the prior records reveals that the indictment issue as a claim as not addressed in the PCR order, but the PCR Court did address the lesser included offense issue, and advice of counsel. That claim is exhausted by the fair presentation in state court.

### 2. The Merits of York's Second Ground for Habeas Corpus Relief



With respect to his second ground for habeas corpus relief, York contends that counsel failed to look at the indictments and observe that one indictment charged him with attempted murder. York claims that this indictment was illegal, or void as a matter of law. It is true that York's conviction on that charge was later vacated by the South Carolina Supreme Court. However, at the time of York's trial, in March 1999, the South Carolina Supreme Court had not yet held that the crime of attempted murder was not a recognized offense in South Carolina. Petitioner's argument fails, because the South Carolina Supreme Court determined that this

offense did not exist <u>after</u> the Petitioner's trial.  As the Supreme Court explained in <u>State v. Hill</u>, 604 S.E.2d 696 (S.C. 2004):

> In <u>State v. Sutton</u>, the Court of Appeals held attempted murder is not a recognized offense in South Carolina. 333 S.C. 192, 194, 508 S.E.2d 41, 42 (Ct.App. 1998). This decision was filed October 26, 1998, and we granted certiorari on July 8, 1999. Appellant's trial commenced February 7, 2000.  On May 15, 2000, we affirmed as modified the Court of Appeals' ruling in <u>Sutton</u>, holding that attempted murder is not a recognized offense in South Carolina. 340 S.C. at 398, 532 S.E.2d at 286.  The State argues that in affirming the Court of Appeals, we did not reiterate the Court of Appeals' analysis that such an offense "never existed," but instead clarified the definition of AWIK and concluded the offense of attempted murder is unnecessary. The State claims our decision is therefore a new rule that should apply prospectively only. We disagree. *A decision announcing a new rule of law will be given retroactive effect to all cases pending on direct review.* <u>State v. Jones</u>, 312 S.C. 100, 102, 439 S.E.2d 282, 282 (1994).

Petitioner's counsel simply cannot be deemed deficient because he did not anticipate this change in the law.  The South Carolina Supreme Court has never required an attorney to anticipate or discover changes in the law, or facts which did not exist, at the time of the trial.  For example, in <u>Thornes v. State</u>, 310 S.C. 306, 426 S.E.2d 764 (1993), the South Carolina Supreme Court recognized that trial counsel could not be required to foresee future changes in the law.  <u>See also</u> <u>Honeycutt v. Mahoney</u>, 698 F.2d 213, 217 (4th Cir. 1983) (noting counsel was not ineffective for "failure to perceive" extension of precedent); <u>Arnette v. State</u>, 306 S.C. 556, 413 S.E.2d 803 (1992) (not ineffective to fail to advise of a defense when there was no evidence to support the defense at trial); <u>Robinson v. State</u>, 308 S.C. 74, 417 S.E.2d 88 (1992) (not ineffective in failing to use a defense that would not receive acceptance for several years after the trial); <u>Kirkpatrick v. State</u>, 306 S.C. 359, 412 S.E.2d 389 (1991) (not ineffective assistance to fail to anticipate or discover co-defendant's attorney's erroneous advice).  Here, trial counsel would have argued the law as it existed at the time of trial, which is well within the objective standard of reasonableness announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Thus, counsel was not ineffective in failing to anticipate the change in law.



Furthermore, Petitioner did not suffer any prejudice because the Supreme Court retroactively awarded Petitioner relief by vacating his charge of, and sentence for, attempted murder.  Thus, Petitioner's claim is without merit.

In the second portion of Ground Two, Petitioner contends that his counsel was ineffective at trial because his counsel failed to get a lesser included offense instruction. As the state PCR court held in pertinent part:

> . . . The Applicant also stated that his trial counsel did not get him a lesser included offense charge to the jury... Trial counsel stated that he advised the Applicant to get a voluntary manslaughter charge, but the Applicant elected not to do so . . .
>
> This Court does not find the Applicant's testimony to be credible. Trial counsel's testimony is found credible. The Applicant has failed to carry his burden of proof in this case. . . . Second, trial counsel did advise the Applicant to request a charge on a lesser included offense, but the Applicant elected not to, choosing an "all or nothing" approach based on his claim of self-defense. Third, this Court finds that a failure to request a re-charge on self-defense was not an error...

The undersigned does not believe that Petitioner's counsel was ineffective in failing to get a lesser included offense instruction. First, the record reveals at the trial counsel specifically stated that he was not requesting lesser included offense instructions.[35] York's attorney, Mr. McGowan, testified at the PCR hearing that it was York's decision to not request the instruction for voluntary manslaughter. He stated that he specifically discussed it with him and "Jim [York] indicated that he wanted to go all or nothing because he figured that the sentence on even a manslaughter was enough to put him in prison for life."[36]  (York was born in March 1948 and was 51 years old at trial).[37]  McGowan also testified that he had prepared his closing in anticipation of arguing for manslaughter, but York had specifically decided "all or nothing".[38] The factual findings of the state court as to this tactical waiver  "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(l) (West Supp.2004).



---

[35]     App. at 610-611.

[36]     App. at 838-839.

[37]     App. at 719.

[38]     App. at. 839.

Page 19 of  24

## C. Ground Three

III. **Ineffective assistance of Appeal Counsel by raising <u>Anders</u> (direct appeal) and <u>Johnson</u> (PCR Appeal) petition, refusing to address issues.**

A. When defendant filed his direct appeal, all he got from Joseph Savitz III was an <u>Anders</u> Brief stating he had no merit in the case. After he said this defendant filed *pro se* and the Supreme Court vacated the attempted murder charge and the five year weapons charge. The Supreme Court refused to let Mr. Savitz withdraw from the case. They told him to brief any issues and put them back before the court. Even after this order, he still failed to advance any issues.

B. On PCR writ of certiorari, Ms. Taggart filed a <u>Johnson</u> Petition and again I could not get any issues addressed. I filed an Amended Response *pro se* to the Supreme Court contesting the Johnson petition. I raised the issue about the illegal indictment plus 9 other issues that all had merit. He asserts that he had no representation since the incident. He claims he has exhausted all state remedies.

### 1. Whether York has exhausted his State remedies

Petitioner's third claim alleges ineffective assistance of counsel by means of the presentation of an <u>Anders</u> brief. No testimony was presented on this claim at the state PCR hearing and it was not addressed in the order. Therefore, any attempt to assert this issue on appeal is procedurally barred. <u>Plyler v. State</u>, 309 S.C. 408, 424 S.E.2d 477 (1992) (issue or argument which is neither raised at PCR hearing nor ruled upon by the PCR court is procedurally barred from appellate review); <u>Hyman v. State</u>, 278 S.C. 501, 299 S.E.2d 330 (1983) (same). However, according to the South Carolina Supreme Court, York attached this "amended application" to his May 24, 2005 letter to that court. Therefore, Respondents concede by Brief that the available state remedies have been exhausted.

Also in Ground Three, Petitioner contends that his PCR appellate counsel was ineffective when she filed a <u>Johnson</u> no-merit petition. This issue was never presented to the state court. However, there is no remedy available in state court since ineffective PCR counsel is not cognizable. <u>See</u> <u>Aice v. State</u>, 305 S.C. 448, 409 S.E.2d 392 (1991). Therefore, to the extent this claim can be "exhausted," it can be considered as such because no state remedies exist for its presentation in state court.

## 2. The Merits of York's Third Ground for Habeas Corpus Relief

York's claim as to ineffective PCR counsel is barred by Section 2254(i), which states: "The ineffectiveness or incompetence of counsel during Federal or State Collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See 28 U.S.C. § 2254(i). Accordingly, York's allegations that his PCR counsel was somehow ineffective is without merit, as ineffective assistance of counsel during state post-conviction proceedings is not cognizable under Section 2254.

## D. Ground Four

IV.    **Denied right to a fair trial that guaranteed by the Constitution. Lacked subject matter jurisdiction.**

York's final ground for habeas relief is based upon a general claim that the state court lacked subject matter jurisdiction. His Petition, however, does not set forth any facts in support of this claim. This issue is not the same issue as was raised in his May 24, 2005 letter; the issue in the letter focused on whether the illegal indictment on "attempted murder" caused the other charges to be viewed in more negative light. This does not call into question subject matter jurisdiction on the remaining convictions. Therefore, available state remedies were not presented with the same claim of a lack of subject matter jurisdiction on murder, AWIK or possession of a weapon. Further, the constitutional claim of double jeopardy in sentencing on an AWIK charge is not the same claim as a lack of subject matter jurisdiction.

Furthermore, York's claim that the state court lacked subject matter jurisdiction cannot be reviewed by this court. First, this is a matter of state law, not federal law and the state court is the final arbiter on matter of state law, especially matters related to its own jurisdiction and procedure. "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998), citing Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976)). "It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Second, York's claim is not cognizable in a federal habeas corpus proceeding. Habeas corpus relief is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, federal habeas corpus relief is unavailable to retry state issues. Milton v. Wainwright, 407 U.S. 371, 377 (1972). "A federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1989). If the petition alleges only a violation of state law, then no federal claim is presented and the petition is subject to dismissal for failure to state a claim. McGowan v. Miller, 109 F.3d 1168, 1171-73 (4th Cir. 1997).

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Respondents' Motion for Summary Judgment **[7-1] be granted.**

George C. Kosko
United States Magistrate Judge

September _13_, 2005
Charleston, South Carolina

## <u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
## <u>& The Serious Consequences of a Failure to Do So</u>

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial**

resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402