IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMES O. YORK, JR. # 256973, | ) | C.A. No. 9:05-883-25TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF SOUTH CAROLINA AND | ) | |
| HENRY MCMASTER, ATTORNEY | ) | |
| GENERAL OF SOUTH CAROLINA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____) | | |

In this *pro se* case, the petitioner, who is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections serving a life sentence for murder, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, the petitioner asserts that: (1) that his trial was improper because it was based upon a "void indictment;" (2) his trial counsel was ineffective; (3) his appellate counsel was ineffective; and (4) he was denied a fair trial, since the trial court lacked subject matter jurisdiction over the case. The respondents deny these allegations and have filed a motion for summary judgment.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge George C. Kosko, to whom this case had previously been assigned. In his Report, Magistrate Judge Kosko recommends that the respondents' motion for summary judgment be granted.

As reasoned, in part, by the Magistrate Judge:

> ...the indictments gave sufficient notice of the charges to the petitioner. Next, the fact the attempted murder charge was litigated did not prejudice the petitioner in any manner by the presentation of evidence concerning the assault upon his wife, Edna Joyce York. This evidence was admissible regardless of whether the charge was attempted murder or [assault with intent to kill]. The state gained nothing in evidentiary support by the presence of the attempted murder charge. Petitioner's conclusory allegations are simply inadequate to present a constitutional violation...
>
> Petitioner's counsel simply cannot be deemed deficient because he did not anticipate [changes] in the law. The South Carolina Supreme Court has never required an attorney to anticipate or discover changes in the law, or facts which did not exist, at the time of the trial...
>
> Furthermore, petitioner did not suffer any prejudice because the Supreme Court retroactively awarded petitioner relief by vacating his charge of, and sentence for, attempted murder...
>
> The undersigned does not believe that petitioner's counsel was ineffective for failing to get a lesser included offense instruction. First, the record reveals at the trial counsel specifically stated that he was not requesting lesser included offense instructions [footnote omitted]. York's attorney, Mr. McGowan, testified at the PCR hearing that it was York's decision to not request the instruction for voluntary manslaughter. He stated that he specifically discussed it with him and "Jim [York] indicated that he wanted to go all or nothing because he figured that the sentence on even a manslaughter was enough to put him in prison for life [footnote omitted]..." The factual findings of the [state post-conviction relief] court as to this tactical waiver "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting this presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1) (West Supp. 2004)...
>
> ...York's allegations that his PCR counsel was somehow ineffective is without merit, as ineffective assistance of counsel during state post-conviction relief proceedings is not cognizable under section [28 U.S.C. § 2254]...
>
> ...York's claim that the state court lacked subject matter jurisdiction cannot be reviewed by this court...this is a matter of state law, not federal law and the state court is the final arbiter on matter[s] of state law, especially related to its own jurisdiction and procedure.

The petitioner has filed objections to the Report.

In conducting its review of the Report and the objections filed thereto, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, *de novo*, the Report and the objections thereto. The Court accepts the Report.

In conclusion, a *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. Thus, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that the respondents' motion for summary judgment is **GRANTED** and that the instant petition for writ of habeas corpus is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
Terry L. Wooten<br>
United States District Court Judge

December 7, 2005
Florence, South Carolina